IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES JACKSON CARSWELL, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | CIVIL No: 5:14-CV-0437-MTT-MSH |
| Dr. MICHAEL L. ROGERS, *et al.*, : | |
| : | |
| Defendants. : | |

## **ORDER & RECOMMENDATION**

Plaintiff James Jackson Carswell, an inmate currently confined at Washington State Prison in Davisboro, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983.[1] The undersigned has now conducted a preliminary review of Plaintiff's Complaint (EFC No. 1) and Supplements (ECF No. 6 & 7), as required by 28 U.S.C. § 1915A(a), and finds that Plaintiff's allegations are sufficient for the claims against Defendants Ayers, McClarin, and Rogers to go forward for further factual development. It is **RECOMMENDED**, however, that all other claims and parties, as discussed herein, be **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

**I.    Standard of Review, 28 U.S.C. § 1915A(a)**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an]

---

[1]    Plaintiff has paid an initial partial filing fee and is obligated to pay the remainder of the fee as ordered herein. The Clerk is thus **DIRECTED** mail a copy of this Order to the business manager of Washington State Prison.

officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. *See id*. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## II.   Plaintiff's Claims

The present action arises out an alleged denial of medical treatment. The Complaint alleges that three physicians – Dr. Ayers, Dr. McClarin, and Dr. Rogers – knowingly delayed or denied Plaintiff proper medical treatment for his bleeding moles and hernia. Plaintiff first complained of a bleeding mole on his ear at Calhoun State Prison in

December of 2010. According to the Complaint, Plaintiff attempted to get medical care many times, and Dr. Ayers initially refused to even see him for sick call. Plaintiff was, however, eventually transported to Ware State Prison for treatment by Dr. McClarin, a dermatologist. The Complaint alleges that both Ayres and McClarin failed to biopsy Plaintiff's mole and/or properly treat his skin cancer for two-years or more, instead choosing a less expensive treatment. This failure allegedly resulted in a surgery, in April 2013, to detach Plaintiff's ear and remove the cancer. Dr. Ayers was also allegedly aware that Plaintiff suffered with a hernia but "blatantly" refused him medication for his "irritable bowel syndrome" in retaliation for Plaintiff filing grievances. Without this medication, Plaintiff's hernia "worsened."

In June 2013, Plaintiff was transferred to Washington State Prison. There, Plaintiff saw Dr. Rogers about his hernia and another bleeding mole on his nose. Plaintiff alleges that Dr. Rogers also forced him to go months/years without treatment for his hernia and basal cell cancer. Plaintiff's nose was not biopsied until April 2014, ten months after Dr. Rogers learned of it. Dr. Rogers also allegedly delayed Plaintiff's hernia surgery for over a year; it was not repaired until October 2014. During this time, Plaintiff apparently filed prison grievances regarding his medical treatment; and, at some point, he "discussed the problems" with the Deputy Warden Fleming "to no avail."

Plaintiff thus filed the present civil rights action against Dr. Ayers, Dr. McClarin, Dr. Rogers, and Deputy Warden Fleming for violations of his First and Eighth Amendment rights. Shortly after filing, Plaintiff supplemented his Complaint with allegations that a corrections officer, Sergeant Harrison, verbally abused him and acted with deliberate

3

indifference to his safety in retaliation for his filing this lawsuit.

    A. Claims against Dr. McClarin, Dr. Ayers, and Dr. Rogers

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to allow claims against Defendants Ayers, McClarin, and Rogers to go forward for further factual development. It is thus **ORDERED** that service be made on these defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service.

    B. Claims against Deputy Warden Glenn Fleming

Plaintiff has failed to state a § 1983 claim against Defendant Fleming. A supervisory official cannot be held liable, under § 1983, for the unconstitutional acts of his subordinates absent evidence of a causal link between the supervisor and the alleged constitutional deprivation. *Averhart v. Warden*, --- F. App'x ----, 2014 WL 5394548, at *1 (11th Cir. 2014); *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004).

Plaintiff has not alleged any such causal connection. An after-the-fact review of Plaintiff's grievances is not enough to establish Deputy Warden Fleming's personal involvement in the alleged denial of medical care. The Complaint also does not allege exactly *what* "problems" Plaintiff discussed with Deputy Warden Fleming or *when* Fleming was given this information. Plaintiff was allegedly under the care of Dr. Rogers at that time, and the facts alleged do not suggest that Plaintiff's medical condition was so obviously dire that a lay prison official must have known that medical professionals were

4

denying him needed care. *See Townsend v. Jefferson Cnty*, 601 F.3d 1152, 1159 (11th Cir. 2010); *see also, Williams v. Limestone Cnty, Ala.*, 198 F. App'x 893, 897 (11th Cir. 2006) ("[S]upervisory officials are entitled to rely on medical judgments by medical professionals responsible for prisoner care.").

It is therefore **RECOMMENDED** that Plaintiff's claims against Deputy Warden Fleming be **DISMISSED** for failure to state a claim.

  C. Claims against Sergeant Harrison

Plaintiff has mailed two letters to the Court which will be considered supplements to his Complaint. Plaintiff's letters allege that a corrections officer at Washington State Prison, Sergeant Harrison, was verbally abusive to Plaintiff and other inmates in the dining hall the day after he filed this lawsuit. Harrison apparently rushed inmates to finish their food and shouted profanities and racial slurs. Harrison has also since announced that Plaintiff is a "snitch" and warned other inmates that Plaintiff would snitch on them. The letters state that Harrison routinely engages in this behavior, though this was the first time his outbursts were directed towards Plaintiff. Plaintiff thus concludes that Harrison's conduct was retaliatory, for his filing the present lawsuit, in violation of his First Amendment rights.

Plaintiff's conclusory allegations against Sergeant Harrison, however, fail to set forth the facts necessary to state a retaliation claim. When a prisoner claims retaliation, he must "come forward with more than 'general attacks'" on a prison official's motivations. *Robinson v. Boyd*, No. 5:03CV25/MMP/MD, 2005 WL 1278136 at *3 (N.D. Fla. May 26, 2005) (citing *Crawford-El v. Britton*, 523 U.S. 574 (1998)). The complaint must allege an

actual causal connection between the prisoner's protected conduct and the alleged retaliatory action. *See Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).

Plaintiff has failed to allege sufficient facts to show that Sergeant Harrison engaged in this behavior *because* Plaintiff filed the present Complaint. In fact, other than the general timing of events, there is nothing to suggest that Sergeant Harrison should or could have had any knowledge of the present lawsuit in which he was not a party. Nor is there any suggestion that Sergeant Harrison may have been acting either on behalf of Defendants or at the direction of the Department of Corrections. Plaintiff also alleged that Sergeant Harrison routinely engaged in this type of abusive and racist behavior even before this suit was filed. Thus, to the extent Plaintiff has amended his Complaint to add a First Amendment claim against Sergeant Harrison, it is **RECOMMENDED** that it be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and

the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced

upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing

fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED** this 4th day of February, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE