IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES JACKSON CARSWELL, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-437 (MTT) |
| Doctor MICHAEL ROGERS, et al., | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Order and Recommendation of Magistrate Judge Stephen Hyles. (Doc. 8). After reviewing the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends allowing the Plaintiff's claims against Dr. Ayers, Dr. McClarin, and Dr. Rogers to go forward and dismissing the Plaintiff's claims against Deputy Warden Glenn Fleming and Sergeant Harrison. The Plaintiff has objected to the Recommendation. (Doc. 10). The Court has reviewed the objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. The Plaintiff has also filed a timely amended complaint. (Doc. 13); Fed. R. Civ. P. 15(a)(1). Because the Plaintiff is a prisoner "seek[ing] redress from a[n] … officer or employee of a governmental entity," the Court reviews the amended complaint pursuant to 28 U.S.C. § 1915A.

**I.   DISCUSSION**

**A. Objection**

   **1.  Fleming**

The Plaintiff first objects to the dismissal of Deputy Warden Fleming. The Plaintiff asserts an Eighth Amendment claim[1] against Fleming based on Fleming's failure to act to provide him proper medical treatment after the Plaintiff filed a grievance and discussed his medical problems with Fleming. According to the complaint, Fleming had a duty to provide adequate medical treatment by virtue of his position but failed to provide the Plaintiff with treatment and denied his grievance on "frivolous grounds." (Doc. 1, ¶ 36). The Magistrate Judge recommends dismissing this claim because the complaint does not allege what "problems" the Plaintiff discussed with Fleming or when he discussed them. Additionally, the Magistrate Judge found the allegations do not suggest the Plaintiff's condition was "so obviously dire" that a lay prison official would have realized medical personnel were denying him needed care. Thus, the Magistrate Judge concludes the Plaintiff has failed to show a causal connection between Fleming's conduct and a violation of the Plaintiff's rights.

In his objection, the Plaintiff points out that the complaint alleges he filed a grievance regarding "the *foregoing* continuous denial of adequate treatment"—"foregoing" referring to the previous 35 paragraphs of his complaint. He also states he discussed his medical problems with Fleming after he was transferred to Washington State Prison in June 2013. Though the Plaintiff does not explicitly allege the timing of

---

[1] Though the Plaintiff generally alleges all the Defendants retaliated against him for filing grievances or otherwise "voicing his complaints," he does not make any specific allegations of retaliation against Defendant Fleming. (Doc. 1, ¶ 38). Thus, to the extent the Plaintiff attempts to assert a First Amendment retaliation claim against Fleming, he has failed to state a claim.

the grievance or discussion with Fleming in his complaint, he does allege that he was transferred to Washington State Prison in June 2013 and that he filed the grievance at Washington State Prison. (Doc. 1, ¶¶ 27, 36).

As the Recommendation points out, the Plaintiff alleges he was under Dr. Rogers's care at Washington State Prison. In the first 35 paragraphs of his complaint, the Plaintiff alleges, among other things, that Dr. Rogers refused to provide the Plaintiff with surgery for both his hernia and "bleeding mole," which was diagnosed as "basal cell cancer," for months. (Doc. 1, ¶¶ 8, 12, 25, 26, 27, 29-33).

To state an Eighth Amendment denial-of-medical-care claim, the Plaintiff must show that: (1) he had an objectively serious medical need; (2) the prison official acted with deliberate indifference to that need; and (3) the injury was caused by the prison official's wrongful conduct. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007). To show the prison official acted with deliberate indifference, the Plaintiff must establish "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* at 1327 (alteration in original) (internal quotation marks and citation omitted). Liberally construing the Plaintiff's complaint, it appears the Plaintiff informed Fleming that Dr. Rogers was refusing to provide the Plaintiff with medical treatment for two serious medical conditions, and Fleming took no action. At this stage, the Court cannot say that the Plaintiff's report of his conditions and lack of treatment to Fleming would not have alerted him to a risk of serious harm. *Cf. Goebert*, 510 F.3d at 1327-28 (prison official found to have subjective knowledge of serious medical need based on prisoner's detailed complaint). Therefore, the Court will allow the Plaintiff's claim against Fleming to proceed.

### 2. Harrison

The Plaintiff also objects to the dismissal of Sergeant Harrison. He contends the Magistrate Judge erred in construing two letters he filed regarding actions taken by Sergeant Harrison as amendments to his complaint and that he intends to file an amendment pursuant to the Federal Rules of Civil Procedure.[2] He has since filed an amended complaint. (Doc. 13). The Magistrate Judge recommends dismissing the retaliation claim against Sergeant Harrison, based on the Plaintiff's letters, because he did not allege a causal connection between Sergeant Harrison's conduct and the filing of this lawsuit. In the amended complaint, the Plaintiff appears to allege Sergeant Harrison retaliated against him for complaining about Sergeant Harrison's prior conduct—not filing this lawsuit.

The Plaintiff alleges that on December 23, 2014, Sergeant Harrison yelled a racially derogatory statement at him because he was moving too slowly during breakfast. (Doc. 13, ¶¶ 4, 5). The Plaintiff contends this incident "caused racial unrest in the cafeteria and the dormitory and subjected plaintiff to harassment and the possibility of harm." (Doc. 13, ¶ 7). Afterwards, the Plaintiff "prepared a statement" regarding Sergeant Harrison's conduct and sent the statement to "Warden Donald Barrow, Internal Affairs, The Southern Center for Human Rights, this Court, and Mrs. Angie Holt." (Doc. 13, ¶ 9).

On January 14, 2015, Sergeant Harrison again yelled at the Plaintiff in the cafeteria in front of approximately 95 other inmates: "[Y]a'll got a snitch-you watch the next one to talk, he a snitch-he [ ] go to medical, then he walk through to the Warden, he snitch-he in y'all dorm-y'all need to get him out-y'all need to watch him- he going to

---

[2] Sergeant Harrison was not named in the initial complaint.

-4-

snitch on you- y'all know snitches need to get stiches." (Doc. 13, ¶ 10). The Plaintiff alleges this statement "created extreme racial unrest, humiliation, threats, etc., and placed plaintiff in position to be assaulted by the other prisoners who knew of plaintiff's prior incident with Sgt. Harrison and his filed statement/complaint." (Doc. 13, ¶ 11). Again at breakfast on January 15, 2015, Sergeant Harrison yelled, "[Y]'all still got the snitch in your dorm-get him out or I'm going to make y'all eat last until you get rid of the snitch." (Doc. 13, ¶ 12). This statement also allegedly "subjected [the Plaintiff] to racial unrest, humiliation, threats, etc. and placed him in a position to be assaulted." (Doc. 13, ¶ 13). He also contends "the retaliation has escalated to the point of him being assaulted/killed." (Doc. 13, ¶ 35).

To state a First Amendment retaliation claim, the Plaintiff must show: "first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (internal quotation marks and citation omitted). To show the conduct had an adverse effect on protected speech, the Plaintiff must show "the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech." *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (alteration in original) (internal quotation marks and citation omitted). However, "a plaintiff need not show that his *own* exercise of First Amendment rights [has] been chilled." *Pittman v. Tucker*, 213 F. App'x 867, 870 (11th Cir. 2007) (emphasis added).

At this stage, the Court finds the Plaintiff has sufficiently alleged a causal connection between his reporting Sergeant Harrison's December 23 conduct and Sergeant Harrison directing other inmates to harm the Plaintiff on January 14 and 15. Therefore, the Court will allow the First Amendment retaliation claim against Sergeant Harrison to go forward.[3]

### B. Amended Complaint

Because the Plaintiff is a prisoner seeking redress from prison officials, the Court must dismiss the complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

#### 1. Harrison

In addition to the retaliation claim, the Plaintiff also attempts to assert an Eighth Amendment claim against Sergeant Harrison. In order to state a claim for an Eighth Amendment violation, the Plaintiff must make "an objective showing of a deprivation or injury that is sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities and a subjective showing that the official had a sufficiently culpable state of mind." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (internal quotation marks and citation omitted). The Plaintiff's allegations regarding Sergeant Harrison's comments do not meet the objective prong because, at most, they amount to verbal abuse. There is no indication Sergeant Harrison actually ensured inmates harmed the Plaintiff. *See Hernandez*, 281 F. App'x at 866 ("[A]llegations of verbal

---

[3] Although it is likely this claim will be subject to dismissal for failure to exhaust administrative remedies, failure to exhaust is an affirmative defense that inmates are not required to plead in their complaint. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 867-68 (11th Cir. 2008); *see also Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) ("A complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint.").

abuse and threats by the prison officers d[o] not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim.").

### 2. Warden Barrow

The Plaintiff adds Warden Barrow as a defendant in his amended complaint. He alleges that before he filed this lawsuit he was allowed to have the over-the-counter medication "Herblax" mailed to him and that this medication had proven effective for his "condition." (Doc. 13, ¶¶ 15, 16). After the Plaintiff filed this lawsuit, Warden Barrow allegedly ordered mailroom officials not to deliver the Herblax to the Plaintiff. (Doc. 13, ¶ 17).

The Plaintiff also alleges he informed Warden Barrow of Dr. Rogers's conduct, but Warden Barrow "refused to take action." (Doc. 13, ¶ 26).[4]  Dr. Rogers allegedly discontinued the Plaintiff's "bran fiber H.S. snack," which he had prescribed for the Plaintiff's "condition," after the Plaintiff filed this lawsuit. (Doc. 13, ¶¶ 18, 19). Dr. Rogers also allegedly discontinued the Plaintiff's Colace and lactulose, two medications prescribed for his "condition," after the Plaintiff filed this lawsuit. (Doc. 13, ¶¶ 20, 21).

Additionally, eye doctors allegedly told the Plaintiff before filing his complaint that he needed surgery to correct his "plaque cataracts" or he would become blind by approximately March 2015. (Doc. 13, ¶ 23). He alleges Dr. Rogers "was advised of the eye condition by the specialist and told plaintiff he was submitting documentation to

---

[4] The Plaintiff alleges he notified Warden Barrow of "the foregoing," i.e., paragraphs 1-25 of his amended complaint, and Warden Barrow took no action. Because there is nothing to suggest Warden Barrow was on notice the Plaintiff might actually be harmed by other inmates, any claim against Warden Barrow regarding Sergeant Harrison's conduct is properly dismissed. The Plaintiff has asserted no causal connection between Warden Barrow and Sergeant Harrison's alleged retaliatory statements.

have the surgery performed," but since the Plaintiff filed this lawsuit, "the surgery has been delayed/denied to the point plaintiff is nearly blind." (Doc. 13, ¶¶ 24, 25).[5]

The Plaintiff has asserted a claim against Warden Barrow for retaliation in violation of the First Amendment. However, the Plaintiff has not alleged facts showing Warden Barrow's actions were taken because of the Plaintiff's lawsuit. Warden Barrow was not named as a defendant in the initial complaint, and there are no other allegations suggesting he took these actions because the Plaintiff filed this lawsuit beyond temporal proximity. *See Thomas v. Lawrence*, 421 F. App'x 926, 929 (11th Cir. 2011) (upholding dismissal of retaliation claims because defendants were not named in grievance and plaintiff did not show they had a reason to retaliate against him).

The Plaintiff has also asserted a claim against Warden Barrow for being deliberately indifferent to his "safety and health" in violation of the Eighth Amendment. The Plaintiff has not alleged sufficient facts to show that either Warden Barrow's denial of the Plaintiff's Herblax or his refusal to take action when Dr. Rogers discontinued treatment for the Plaintiff's unspecified "condition" constitutes deliberate indifference to a serious medical need.[6] There are no allegations suggesting Warden Barrow was subjectively aware of a risk of serious harm if the Plaintiff's "condition" did not continue to be treated.

---

[5] The Plaintiff also alleges that on January 22, 2015, he was taken to Jefferson County Hospital because he was experiencing severe chest pain and was "told his condition was associated with his stress." (Doc. 13, ¶ 22). It is not clear if this is the same "condition" referred to earlier in the amended complaint, nor is it clear which Defendant or claim this allegation relates to.

[6] The Plaintiff's original complaint alleges he was prescribed Colace and lactulose to prevent his hernia from worsening but also suggests the medication was for his irritable bowel syndrome. (Doc. 1, ¶¶ 18, 21-23). He also alleges he received surgery for his hernia in October 2014, and there is no suggestion he still suffers from a hernia. (Doc. 1, ¶ 27).

As to the Plaintiff's claim that Warden Barrow refused to take action when he learned Dr. Rogers was delaying the Plaintiff's cataract surgery, the Court cannot say at this point that these allegations, when liberally construed in the Plaintiff's favor, are insufficient to state a claim.  Thus, this claim against Warden Barrow will be allowed to proceed.

### 3. Rogers

The Plaintiff also asserts an additional First Amendment retaliation claim and additional Eighth Amendment deliberate-indifference-to-medical-needs claims against Dr. Rogers.  At this point, the Court cannot say these allegations are insufficient to state a claim.  Therefore, Dr. Rogers should address the allegations in the Plaintiff's amended complaint in his answer and/or motion, which he has now filed.  (Doc. 16).

## II.   CONCLUSION

The Court has reviewed the Recommendation, and the Recommendation is **ADOPTED in part and REJECTED in part**.  The claims against Dr. Ayers, Dr. McClarin, Dr. Rogers, the Eighth Amendment claim against Deputy Warden Fleming, the First Amendment retaliation claim against Sergeant Harrison, and the Eighth Amendment claim against Warden Barrow based on his failure to take action in response to the Plaintiff's delayed cataract surgery are allowed to go forward.  However, all other claims asserted are **DISMISSED without prejudice**.

It is therefore **ORDERED** that service be made on Deputy Warden Glenn Fleming, Warden Barrow, and Sergeant Harrison and that they file an answer or such other response as may be appropriate under Fed. R. Civ. P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  The Defendants are also reminded of the duty to

avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service.  The Plaintiff is reminded of his duty to keep the clerk of court and all opposing attorneys advised of his current address, duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's order.

**SO ORDERED**, this 13th day of April, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
