**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JAMES JACKSON CARSWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:14-cv-437 (MTT)** |
| | ) | |
| **Doctor MICHAEL ROGERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

Before the Court is the Recommendation of United States Magistrate Judge Stephen Hyles (Doc. 55) regarding motions to dismiss filed by Defendants Rogers and Ayers (Doc. 16), Defendant McClarin (Doc. 23), and Defendants Fleming, Harrison, and Barrow (Doc. 43) and Plaintiff Carswell's motion for preliminary injunction (Doc. 38). The Magistrate Judge recommends granting in part and denying in part Rogers and Ayers' motion; denying McClarin's motion; granting in part and denying in part Barrow, Fleming, and Harrison's motion; and denying Carswell's motion.  (Doc. 55).  The Defendants have objected.  (Docs. 58, 59).  Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the objections and has made a de novo determination of the portions of the Recommendation to which the Defendants object.  The Court has reviewed the other portions of the Recommendation for clear error.

The Recommendation is **ADOPTED in part and REJECTED in part**.

# I.  DISCUSSION

## A.  Exhaustion

McClarin argues that he only treated Carswell at Ware State Prison, and he claims that some unspecified provision of an exhaustion SOP requires an inmate to file a grievance at the prison where the grieved incident occurred.  (Doc. 58 at 15, 17). Because Carswell did not file any grievances at Ware State Prison, McClarin argues he could not have exhausted those claims.  (Doc. 58 at 15, 17).  The Court is not aware of any provision in either the 2003 or 2012 SOP that prevents an inmate from grieving an incident that occurred at one facility from a different facility; in fact, both versions of the SOP specifically mention a grievance that is "filed in reference to a different facility." (Docs. 58-1 at 11; 58-2 at 13).  Moreover, it does not appear that Carswell was ever housed at Ware–he was merely transported there for treatment by McClarin, so he likely would not have had the opportunity to file a grievance there.  McClarin's objection is without merit.

With regard to the objections of Defendants Ayers, Rogers, Fleming, Harrison, and Barrow, the Court agrees with the Magistrate Judge that Carswell did not have fair notice of his ability to develop a record and thus should be given the opportunity to support his allegations that he fully exhausted his claims.  (Doc. 55 at 22).  Without a complete record, the Court cannot find that Carswell failed to exhaust as a matter of law at Step 2 of the analysis set out in *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008).

**B.  Statute of Limitations**

**1.  McClarin**

In his objection, McClarin argues that Carswell's state law malpractice claims are barred by the medical malpractice statute of limitations.  (Doc. 58 at 4-6).  McClarin also argues that Georgia does not recognize the continuing violation doctrine in medical malpractice cases.  (Doc. 58 at 11).  However, Carswell does not raise any state-law medical malpractice claims, so this statute of limitations is not applicable to Carswell's allegations, nor does it matter that Georgia law does not apply the continuing violation doctrine to medical malpractice cases.

McClarin also argues that even if there were a continuing violation, the statute of limitations begins to run when a prisoner is transferred from the facility where the alleged constitutional violation occurred.  (Doc. 58 at 12-13).  McClarin points to numerous transfers: Carswell was housed at Calhoun State Prison from August 2010 to February 2012; he was transferred to Washington State Prison, where he is currently housed, in February 2012; he was temporarily transferred to Ware State Prison for each of the cryosurgery treatments; and he was apparently transferred to Augusta State Medical Prison ("ASMP") at some point in November 2012 because he filed a grievance against the prison at that time.  (Doc. 58 at 13).  McClarin contends that each of these transfers was "sufficient to restart the running of the statute of limitations, [and thus Carswell] cannot rely on the 'continuing tort' doctrine."  (Doc. 58 at 13).

McClarin relies on *Riley v. Vaughn*, 2015 WL 9998422, at *5 (S.D. Ga.) and *Brown v. Roberts*, 2015 WL 1258028, at *2 (M.D. Ga.), to support this argument.[1]  Both are distinguishable.  In *Riley* and *Brown*, the continuing violation ended when the prisoner was transferred to a new facility because the prisoner came under the care of the medical staff at that new facility and was no longer under the care of the medical staff responsible for the continuing violation.  *Riley*, 2015 WL 9998422, at *5-6; *Brown*, 2010 WL 1258028, at *2.  Here, even though Carswell was temporarily transferred to and from Ware State Prison for each of his cryosurgery treatments, he remained under McClarin's care for the basal cell carcinoma on his ear regardless of his housing assignment.  Carswell's housing transfer from Calhoun State Prison to Washington State Prison also did not affect McClarin's care of Carswell, nor did his transfers to and from Ware State Prison or ASMP.  There is no indication that another doctor took over the care of the basal cell carcinoma on Carswell's ear after any of these transfers, so the transfers do not affect the statute of limitations.  McClarin's role as the treating physician transcends these transfers.

### 2.  Ayers

Carswell's Eighth Amendment claim for delay in diagnosing the bleeding mole on his ear is a separate claim from his claim for inadequate treatment.[2]  While Carswell

---

[1] McClarin actually cites *Robinson v. United States*, 327 F. App'x 816, 818 (11th Cir. 2007), instead of *Brown*.  Presumably, McClarin relies on *Robinson* because *Riley* does, but *Robinson* does not address transfers at all.  The passage *Riley* quotes and attributes to *Robinson* is actually from *Brown*.

[2] The Magistrate Judge assessed the statute of limitations relating to Carswell's claims against Ayers and McClarin together, which included a statement that "Defendants first delayed in diagnosing the cancerous mole."  (Doc. 55 at 12-14).  However, only Ayers delayed in diagnosing the bleeding mole on Carswell's ear.  Carswell's claim against McClarin is only for inadequate treatment; the complaint alleges that McClarin diagnosed the basal cell carcinoma when he first saw Carswell via telemed in April 2011, and it appears that he ordered cryosurgery treatment at that time.  (Doc. 1 at 6).

alleges that Ayers failed to diagnose his cancer, he alleges that McClarin made the correct diagnosis in April 2011, more than two years before Carswell filed his complaint. At that point, Carswell knew that Ayers had failed to diagnose his condition. Thus, there was no continuing violation after McClarin's diagnosis. Carswell's failure-to-diagnose claim against Ayers is barred by the statute of limitations and is **DISMISSED**.

With regard to his claim for constitutionally inadequate treatment, Carswell alleges that both Ayers and McClarin ordered the cryosurgery and that they elected to treat him with cryosurgery even though they knew it was not the right procedure with the intent to both cause Carswell harm and save money. (Doc. 1 at 6, 9). While it is likely that a more fully developed record will reveal that Ayers was merely implementing McClarin's orders, the current record does not allow the Court to conclude that Ayers was not involved in the alleged continuing violation. As it stands, the allegations about inadequate treatment are identical for Ayers and McClarin. (Doc. 1 at 8-9). This claim is not barred by the statute of limitations.

The Magistrate Judge did not discuss whether Ayers's alleged delay in treating the hernia is barred by the statute of limitations, and Ayers does not mention it in his objection. Carswell has alleged that he sought hernia surgery from Ayers and that Ayers "openly and blatantly refused to provide surgery for the hernia" because he was angry that Carswell had filed grievances against him. (Doc. 1 at 7). In his motion to dismiss, Ayers notes that it is "unclear from the allegations in the Complaint" whether the claims about Ayers's treatment of the hernia are barred by the statute of limitations. (Doc. 16-1 at 5 n.2). They are clear enough to withstand a motion to dismiss. This claim may proceed.

### C. Failure to State a Claim

#### 1. Rogers

##### a. Eighth Amendment

Rogers argues that neither the fact that Carswell had a hernia and requested surgery for it nor that Carswell later required surgery establishes the requisite knowledge of a risk of serious harm for a deliberate indifference claim. (Doc. 59 at 22). He contends the allegations simply question his medical judgment. (*Id.*). While the evidence may eventually support this contention, at this stage in the proceedings, the Court cannot say as a matter of law whether the delay in surgery was based on medical judgment. There is certainly case law supporting Rogers's contention that delaying hernia surgery was a medical judgment, and even a reasonable one, depending on the state of the hernia and the effectiveness of the treatment Carswell received. *See, e.g.*, *Jackson v. Jackson*, 456 F. App'x 813, 814-15 (11th Cir. 2012) (granting summary judgment to doctor because delaying hernia surgery the plaintiff prisoner requested was a medical judgment on evidence that the plaintiff received treatment for his hernia and common medical practice did not require surgery for a hernia until it becomes strangulated). However, *Jackson* was decided on summary judgment with the benefit of a developed record, including medical records and testimony from the defendant physician.

With regard to Carswell's Eighth Amendment claim that Rogers was deliberately indifferent when he discontinued his hernia medication after Carswell filed this lawsuit, the Magistrate Judge recommended granting the motion to dismiss as to Herblax and the bran fiber snack, and denying the motion as to Colace and Lactulose. (Doc. 55 at

34).  Rogers argues that he discontinued the medications after Carswell's hernia surgery because they were no longer necessary to treat Carswell's condition, and Carswell has not alleged any adverse consequences associated with this medical decision.  (Doc. 59 at 22-23).

The Magistrate Judge found that the discontinuation of Herblax and the bran fiber snack was a medical judgment, while the discontinuation of Colace and Lactulose was not.  (Doc. 55 at 34).  While the Magistrate Judge said that all four were used to treat Carswell's irritable bowel syndrome, which, if inflamed, would worsen the hernia, he distinguished the prescription medications, Colace and Lactulose, because both had refills remaining.  (Doc. 55 at 34).  Because all four items were used to treat the same condition, and Carswell alleges that all were discontinued not for medical reasons but because he filed this lawsuit, the Court does not see a meaningful distinction among them.  Again, while further development of the record may well show that Rogers's decision was based on his medical judgment, at this stage in the proceedings, it is impossible to tell.  For now, Carswell's claims for the discontinuation of all four medications may proceed.

With regard to Carswell's claim that Rogers failed to diagnose the bleeding mole on his nose, Rogers argues that Carswell has not sufficiently alleged he knowingly disregarded a risk of serious harm because he has not stated what the biopsy revealed and thus he has not alleged that the mole was cancerous.  (Doc. 59 at 21).  Rogers seems to be conflating the element of an objectively serious medical condition with the knowledge element of a deliberate indifference claim.  Carswell contends he advised Rogers of his history of bleeding moles that were diagnosed as basal cell carcinomas.

(Doc. 1 at 8-9).  The Magistrate Judge inferred from these allegations that the bleeding mole on Carswell's nose could also be a basal cell carcinoma, and if so, that it required treatment.  (Doc. 55 at 31).  Carswell sufficiently alleges an objectively serious medical condition and Rogers's knowledge of that condition.

### b.  First Amendment

Rogers argues that Carswell has not provided any factual allegations to establish a connection between Carswell's filing of complaints or grievances and Rogers's treatment of Carswell.  (Doc. 59 at 26).  However, in the amended complaint, Carswell specifically alleges that Rogers discontinued his medication after the complaint was filed.  (Doc. 13, ¶¶ 15, 17-21).  Carswell is clearly alleging that the motivation for discontinuing the medication was the filing of his complaint.  This is sufficient to meet the causation requirement for stating a retaliation claim.  *See Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) ("To establish causation, the plaintiff must show that the defendant was subjectively motivated to discipline the plaintiff for exercising his First Amendment rights." (internal quotation marks and citation omitted)).

### 2.  Fleming

With regard to Carswell's claim that Fleming was deliberately indifferent because she failed to intervene in his medical treatment after he told her he was being denied treatment for his hernia and the bleeding mole on his nose, Fleming objects to the inferences the Magistrate Judge drew about her conversation with Carswell.  (Doc. 59 at 23-24).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Furthermore, pro se pleadings

are liberally construed.  *Anderson v. Ward*, 373 F. App'x 968, 969 (11th Cir. 2010).  The Magistrate Judge made permissible inferences from Carswell's allegations about his discussion with Fleming about his medical conditions and the treatment he was receiving to determine that, even as a lay person, she would know that some treatment was required for the potentially cancerous bleeding mole on Carswell's nose.  *Goebert v. Lee Cty*, 510 F.3d 1312 (11th Cir. 2007).  This is sufficient to state a claim.

### D.  Qualified Immunity

#### 1.  McClarin

The Magistrate Judge recommended that the Court reject McClarin's qualified immunity defense.  (Doc. 55 at 44-45).  However, McClarin did not raise a qualified immunity defense, either in his answer or his motion to dismiss, presumably because he is an independent contractor rather than a state employee.  Accordingly, the Court **REJECTS** the recommendation that the Court deny McClarin's motion to dismiss on the grounds of qualified immunity.

#### 2.  Ayers, Rogers, and Fleming

In a footnote at the end of the last section of their objection, Ayers, Rogers, and Fleming object that they are entitled to qualified immunity because Carswell has not stated constitutional claims for relief.  (Doc. 59 at 26 n.12).  They do not argue that clearly established law would not have placed a reasonable official on notice that his conduct was unlawful in the situation he confronted.  As discussed, Carswell has sufficiently alleged several constitutional claims, so this argument fails.

## II. CONCLUSION

Therefore, the Recommendation is **ADOPTED in part and REJECTED in part**. Ayers's motion to dismiss is **GRANTED** for the Eighth Amendment claim for the delay in diagnosing the cancer on Carswell's ear.  (Doc. 16).  His motion is **DENIED** for the Eighth Amendment claims for inadequate treatment of the cancer on Carswell's ear, the denial of medication, and the denial of hernia surgery; and for the First Amendment retaliation claims for discontinuing medications, denying hernia surgery, and refusing to approve reconstruction surgery for Carswell's ear.  (*Id.*).  Rogers's motion to dismiss is **GRANTED** for the delay in cataract surgery and **DENIED** for the Eighth Amendment claims for delaying hernia surgery, discontinuing hernia medication, delaying the diagnosis and treatment of the bleeding mole on Carswell's nose; and for the First Amendment retaliation claims for discontinuing medication and delaying hernia surgery. (*Id.*).  McClarin's motion to dismiss is **DENIED**.  (Doc. 23).  Barrow's motion to dismiss is **GRANTED**.  (Doc. 43).  Harrison's motion to dismiss is **GRANTED**.  (*Id.*).  Fleming's motion to dismiss is **GRANTED** as to the claim for deliberate indifference regarding Carswell's hernia.  (*Id.*).  It is **DENIED** for the deliberate indifference claim regarding the bleeding mole on Carswell's nose.  (*Id.*).  Carswell's motion for preliminary injunction is **DENIED**.  (Doc. 38).

SO ORDERED, this 29th day of March, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT