IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES JACKSON CARSWELL,    :
          :
       Plaintiff,    :
          :
      VS.    :
          :    CIVIL No: 5:14-CV-0437-MTT-MSH
Dr. MICHAEL L. ROGERS, *et al*.,    :
          :
      Defendants.    :
_____:

## ORDER & RECOMMENDATION

Presently pending before the Court are Plaintiff's motion for default (ECF No. 71), motion to stop movement (ECF No. 74), and motion to compel (ECF No. 75). Also pending before the Court are Defendant McClarin's motion for summary judgment (ECF No. 77), Defendant Ayers's motion for summary judgment (ECF No. 85), Defendant Fleming's motion for summary judgment (ECF No. 86), and Defendant Rogers's motion for summary judgment (ECF No. 87). Plaintiff's motion for default and motion to compel are denied. For the reasons explained below, it is recommended that Plaintiff's motion to stop movement be denied, and Defendants McClarin, Ayers, Fleming, and Rogers's motions for summary judgment be granted.

## BACKGROUND

This action arises of out an alleged denial of adequate medical care during Plaintiff's incarceration with the Georgia Department of Corrections. Plaintiff alleges that three physicians— Defendants Dr. Ayers, Dr. McClarin, and Dr. Rogers—knowingly

delayed or denied Plaintiff proper medical treatment for basal cell carcinoma (bleeding ear and nose moles), irritable bowel syndrome, and a hernia, and that Defendant Deputy Warden Fleming showed deliberate indifference to Plaintiff's serious medical need relating to the bleeding mole on his nose.  *See generally* Compl., ECF No. 1; Am. Compl., ECF No. 13.   Plaintiff also alleges that he was denied hernia- and constipation-related medications and supplements, including Lactulose, Colace, "Herb Lax," and an "HS Snack."  *Id.*

On December 10, 2014, Plaintiff filed this Complaint.  Compl. 11.  On March 4, 2015, Plaintiff filed an Amended Complaint (ECF No. 13), bringing forth additional claims against Defendant Rogers.  Defendants filed motions to dismiss.  After the District Court entered an Order on those motions, the following claims remain: (1) an Eighth Amendment claim against Defendant McClarin for inadequate treatment of Plaintiff's bleeding ear mole; (2) an Eighth Amendment claim against Defendant Ayers for inadequate treatment of Plaintiff's bleeding ear mole; (3) an Eighth Amendment claim against Defendant Ayers for denial of Plaintiff's hernia-related medication and denial of hernia surgery; (4) a First Amendment retaliation claim against Defendant Ayers; (5) an Eighth Amendment deliberate indifference claim against Defendant Deputy Warden Fleming; (6) an Eighth Amendment claim against Defendant Rogers for delaying hernia surgery, discontinuing hernia-related medications, and treatment of a bleeding nose mole; and (7) a First Amendment retaliation claim against Defendant Rogers.  *See* Order, March 29, 2016 at 10, ECF No. 62

**DISCUSSION**

**I.    Plaintiff's pending motions**

A.    Motion for Default Judgment

Plaintiff moved for a default judgment (ECF No. 71) against Defendant William McClarin on July 19, 2016.  Plaintiff avers that Defendant McClarin did not answer Plaintiff's Complaint within 60 days of the date Defendant's motion to dismiss was denied.  Pls.' Mot. for Default 1, ECF No. 71.  Defendant McClarin responds that he timely filed an Answer on April 3, 2015 (ECF No. 15) and avers that he is not responsible for deficiencies in the prison mail system that may have prevented Plaintiff from receiving the Answer.  Defs.' Resp. 2, ECF No. 73.  Defendant's Certificate of Service indicates that he believed that Plaintiff would receive a copy of the Answer via CM/ECF.  *Id.* at 3.

"Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default." *Johnson v. Rammage*, 5:06-cv-57-CAR, 2007 WL 2276847 at *1 (M.D. Ga. Aug. 7, 2007)(citing Fed. R. Civ. P. 55(a)). Furthermore, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th  Cir. 1993)(citations omitted). "Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).  In fact, "the usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Id.*

3

Defendant timely filed an Answer to Plaintiff's Complaint; however, Defendant apparently believed that Plaintiff would receive a copy of such via CM/ECF. Plaintiff, an incarcerated and pro se litigant, does not receive copies of filings through CM/ECF; Defendant is therefore directed to serve copies of filings on Plaintiff via U.S. Mail. Regardless, Plaintiff's motion for default judgment is improper, as he did not first seek a clerk's entry of default. Further, the Answer was in fact timely filed and the judicial preference is to have the case heard on the merits. For the foregoing reasons, Plaintiff's motion for default judgment (ECF No. 71) is denied.

B.    Motion to Stop Movement

Plaintiff filed a "motion to stop movement from address" on August 1, 2016 (ECF No. 74), which this Court construes as a motion for an injunction. Plaintiff requests that he not be moved for "any overnight procedure," as it would be an "unnecessary hardship." Pl.'s Mot. for Inj. 1, ECF No. 74. A preliminary injunction is appropriate where the movant demonstrates (1) there is a substantial likelihood of success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the preliminary injunction would inflict on the non-movant; and (4) the preliminary injunction would not be adverse to the public interest. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam). Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams,* 808 F. 2d 815, 821 (11th Cir. 1987). A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v.*

4

*Oldham*, 707 F. 2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F. 2d 426, 429 (11th Cir. 1982).

Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits of his § 1983 action; to the contrary, this Court is recommending that summary judgment be granted to all Defendants.   The Court will not compel the Defendants to perform an act simply because the Plaintiff desires it.   As one Court noted in the context of a preliminary injunction, "prison officials' exercises of discretion should generally be respected, as federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Escobar v. Reid*, 348 F. App'x 387, at **2 (10th Cir. 2009) (citing *Wilson v. Jones*, 430 F. 3d 1113, 1123 (10th Cir. 2005) (quotation omitted)).

Because the Plaintiff has failed to show he will likely succeed on the merits of his § 1983 action, he has failed to meet the four-prong test for obtaining injunctive relief. The Court thus recommends that Plaintiff's Motion to Stop Movement (ECF No. 74) be denied.

The Court also notes that the Georgia Department of Corrections—the body with authority to determine Plaintiff's housing placement—is a non-party.   The Court lacks jurisdiction to issue an injunction against a non-party.  *See, e.g., Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-83 (11th Cir. 1995) (declining to find that either the All Writs Act or the Federal Rules of Civil Procedure provide subject matter jurisdiction when seeking an injunction against a non-party); *Faircloth v. Baden*, No. 1:11-cv-113-WLS, 2012 WL 3202949, at *4 (M.D. Ga. July 9, 2012) ("The Court

5

lacks subject matter jurisdiction to issue a preliminary injunction against a non-party.").

C.     Motion to Compel

Plaintiff moves to compel, arguing that "[t]he defendants have failed to provide adequate, full, and non-evasive responses to the discovery requests[.]"  Pl.'s Mot. to Compel 1, ECF No. 75.   Defendants each respond that Plaintiff failed to confer; furthermore, they argue that Plaintiff does not identify which discovery requests were insufficiently answered and by which Defendants.

Defendants initially assert that Plaintiff failed to comply with Local Rule 37. Def.'s Resp. 2, ECF No. 92; Defs.' Resp. 2, ECF No. 93.  Pursuant to Local Rule 37, "[m]otions to compel disclosure or discovery will not be considered unless they contain a statement certifying that movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action."  M.D. Ga. Loc. Civ. R. 37.  Plaintiff has not included a statement reflecting his good faith attempts to confer.  On that ground alone, this Court denies Plaintiff's motion to compel.

Defendants also assert that they responded to Plaintiff's discovery requests to the extent that the requested information is discoverable and in their possession. Def.'s Resp. 2, ECF No. 92; Defs.' Resp. 3-4, ECF No. 93.  This Court will not compel Defendants to respond to Plaintiff's broad, ambiguous, and unclear motion simply because Plaintiff— without asserting a basis—believes Defendants are improperly withholding information. *See Gray v. Faulkner,* 148 F.R.D. 220, 223 (N.D. Ind.1992) ("The fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere

suspicion that the response is incomplete or incorrect."); *Rong Ran v. Infinite Energy, Inc.,* No. 1:07–cv–249–MMP–AK, 2010 WL 148240, at *1 (N.D. Fla. Jan.12, 2010) ("Defendants have responded to Plaintiff's [discovery] requests, and the fact that Plaintiff disagrees with Defendants' responses does not provide a basis for this Court to order any relief.").  For this additional reason, Plaintiff's motion to compel is denied.

## III.   Defendants' Motions for Summary Judgment

The Defendants each filed separate motions for summary judgment.  Defendant McClarin filed on September 1, 2016 (ECF No. 77), and Defendant Ayers (ECF No. 85), Fleming (ECF No. 86), and Rogers (ECF No. 87) each filed on September 6, 2016.  For the reasons discussed herein, the Court recommends granting all of Defendants' motions for summary judgment.

### A.     Defendant McClarin

Defendant McClarin moves for summary judgment, asserting that Plaintiff's Eighth Amendment claim against him is time-barred.  Def.'s Memo. of Law in Supp, of Mot. for Summ. J. 3, ECF No. 77-2.  Plaintiff responded, arguing that the continuing tort doctrine applies, extending the statute of limitations.   Pl.'s Resp. 1, ECF No. 96.

It is well settled that the forum state's limitation period applicable to personal injury actions is applied to an action brought pursuant to § 1983.  *Wallace v. Kato*, 549 U.S. 384, 386 (2007).  The Georgia statute of limitations for personal injury is two years.  O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years.").   A statute of

limitations begins to run when a cause of action accrues—in other words, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks and citation omitted).

Although generally speaking "accrual occurs when the prisoner knows or should know that he has suffered the injury that forms the basis of his complaint . . . an allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided." *Baker v. Sanford*, 484 F. App'x 291, 293 (11th Cir. 2012) (internal citations and quotations omitted).  "The critical distinction in the continuing violation analysis is whether the prisoner complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Id.* (internal quotations omitted).

The undisputed facts are as follows.  Defendant McClarin first examined Plaintiff remotely—via telemed—for a bleeding nose mole on March 28, 2011.  McClarin Decl. ¶ 7, ECF No. 77-3; Compl. 6, ECF No. 1;  Carswell Dep. 352, ECF No. 80-9.  Defendant McClarin diagnosed Plaintiff's bleeding mole as basal cell carcinoma, and requested that Plaintiff be sent to Ware State Prison for cryosurgery treatment.  McClarin Decl. ¶ 7; Compl. 6. Defendant McClarin last saw Plaintiff on January 25, 2012.  McClarin Decl. ¶ 12; Carswell Dep. 356-57.   At that visit, Defendant McClarin told Plaintiff that cryosurgery treatment was not working, and Plaintiff would need a surgical resection. McClarin Decl. ¶ 12; Carswell Depo. 356.  Plaintiff's mole inflicted with basal cell

carcinoma was resected (removed) by another doctor—Dr. Ritter—on April 11, 2012. McClarin Statement of Material Facts ¶ 12; Carswell Depo. 360.  Plaintiff filed this action on December 10, 2014.  Compl. 11.  This Court need not determine whether the continuing tort doctrine applies.  Even assuming the continuing tort doctrine applied, the cause of action would have accrued no later than April 11, 2012—the date on which the medical attention requested by Plaintiff was performed.  Plaintiff's Compliant filed some 2 years and 8 months later is thus outside the statute of limitations.  Having the benefit of a fully developed record, for the reasons above, this Court recommends granting Defendant McClarin's and motion for summary judgment.

### B.    Defendant Ayers

Plaintiff asserts three claims against Defendant Ayers: (1) an Eighth Amendment claim for inadequate medical treatment related to bleeding ear mole; (2) an Eighth Amendment claim for denial of medication and for denial of hernia  surgery;  and  (3)  a First Amendment retaliation claim.    Defendant Ayers argues that he is entitled to summary judgment on these claims because the first is time-barred and the second and third cannot be sustained as a matter of law.  *See generally* Def.'s Br. in Supp. of Mot. for Summary J., ECF No. 85-1.  Plaintiff did not respond to Defendant Ayers's motion for summary judgment.

### i.    *Eighth Amendment claim for inadequate medical treatment related to bleeding ear mole*

Defendant Ayers first asserts that Plaintiff's Eighth Amendment claim based on the use of cryosurgery to treat the bleeding mole on Plaintiff's ear is time-barred.  Def.'s

Br. in Supp. of Mot. for Summ. J. 20, ECF No. 85-1.

As discussed in Section A, *supra*, the Georgia statute of limitations for personal injury is two years. It is undisputed that Defendant Ayers submitted an urgent consult request on March 7, 2012 on behalf of Plaintiff for surgical excision of Plaintiff's basal cell carcinoma. Def.'s Statement of Undisputed Material Facts ("SUMF") ¶ 44, ECF No. 85-2. Plaintiff's ear mole inflicted with basal cell carcinoma was in fact resected by Dr. Ritter on April 11, 2012. Def.'s SUMF ¶ 45, Carswell Depo. 360. This Complaint was not filed until December 10, 2014—well past the two-year limitations period. It is therefore recommended Defendant Ayers's motion for summary judgment be granted as to Plaintiff's Eighth Amendment claim for inadequate medical treatment of Plaintiff's bleeding mole.

> ii.  *Eighth Amendment claims for denial of medication and for denial of hernia surgery*

Defendant Ayers nexts moves for summary judgment on Plaintiff's Eighth Amendment claims of deliberate indifference relating to hernia medication and surgery, arguing that the undisputed material facts demonstrate that Plaintiff cannot sustain a claim for deliberate indifference. Def.'s Br. in Supp. of Mot. for Summ. J. 14, ECF No. 85-1.

"[T]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious

medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Bingham v. Thomas*, 654 F.3d at 1176 (internal quotation marks and citation omitted). Deliberate indifference requires a showing of a "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted). In fact, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)(citation omitted). Medical treatment violates the eighth amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Id.* (citation and internal quotation marks omitted). A "difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not support a constitutional claim. *Id*; *see also Jackson v. Jackson,* 456 F. App'x 813, 814-15 (11th Cir. 2012) (granting summary judgment to doctor because delaying hernia surgery the plaintiff prisoner requested was a medical judgment on evidence that the plaintiff received treatment for his hernia and common medical practice did not require surgery for a hernia until it becomes strangulated).

Defendant Ayers saw Plaintiff for a "reducible hernia," which is a hernia that can be pushed back into the abdomen with gentle manual pressure and does not pose an immediate risk to a person's health. Def.'s SUMF ¶ 5-6, ECF No. 85-2. Defendant Ayers determined that the hernia required only continued monitoring and did not require

a referral for specialized medical care or surgery.  Def.'s SUMF, ¶ 8-14, 18.  The hernia remained manageable and treatable without surgery and, in Defendant Ayers's medical opinion, posed no risk to Plaintiff's health.  *Id.* at ¶¶ 6, 9-14, 18.  Defendant Ayers exercised his medical judgment and rendered treatment to Plaintiff.  Plaintiff did disagree with Defendant Ayers's course of treatment, but there has been no showing that Defendant Ayers's chosen method caused any injury or was deliberately indifferent to Plaintiff's medical needs.

In regard to Plaintiff's medications, the medical records show that Plaintiff regularly received both Lactulose and Colace—his constipation- and hernia-related medications—while housed at CSP.  *Id.* at 89.  Further, to the extent either was not issued or renewed by Defendant Ayers for any period of time, it was because Defendant Ayers was not present at the facility at the time of the renewal request or because Defendant Ayers determined that it was not medically needed.  *Id.* at  ¶¶ 88-90.  Dr. Ayers provided medical testimony that, in his medical opinion, Plaintiff received all medications necessary for his chronic constipation and other medical conditions while housed at CSP, and he was neither harmed nor faced a risk of serious harm as a result of an absence of any medication. *Id.* at ¶¶ 15-17, 92-96.

The undisputed material facts do not support a claim that Defendant Ayers was deliberately indifferent to a serious risk of harm to Plaintiff. This Court thus recommends granting summary judgment to Defendant Ayers on the Eighth Amendment claims for denial of medication and for denial of hernia surgery.

<em>iii.    First Amendment retaliation claim</em>

Defendant Ayers moves for summary judgment on Plaintiff's First Amendment retaliation claim, arguing that Plaintiff cannot establish the claim as a matter of law. Def.'s Br. in Supp. of Mot. for Summ. J. 18.  "An inmate raises a First Amendment claim of retaliation if he shows that the prison official disciplined him for filing a grievance or lawsuit concerning the conditions of imprisonment."  *Smith v. Governor for Ala.*, 562 F. App'x 806, 815 (11th Cir. 2014).  "To plead a retaliation claim under section 1983, the plaintiff must allege (1) constitutionally protected speech, (2) an adverse effect on the protected speech, and (3) a causal connection."  *Bennett v. Chitwood*, 519 F. App'x 569, 575 (11th Cir. 2013).

Plaintiff testified that he does not know of any particular reason Defendant Ayers would punish him, does not know of or recall anything he said or did that prompted Defendant Ayers to retaliate against him, and does not know of any reasons for retaliation by Defendant Ayers in connection with his medical treatment.  Carswell Depo. 116:13-117:15, ECF No. 80.  Further, when deposed, Plaintiff stated that he does not believe that Defendant Ayers's alleged conduct was in retaliation for a grievance or complaint filed by Plaintiff.  *Id.* and Carswell Depo. 134:21-135:24.  Plaintiff cannot meet even the first prong of the retaliation analysis—without identifying constitutionally protected speech, Plaintiff cannot prevail on a First Amendment retaliation claim.  This Court therefore recommends Defendant Ayers's motion for summary judgment be granted.

C.     Exhaustion

Defendants Fleming and Rogers aver that Plaintiff failed to exhaust.  Def.'s Br. in Supp. of Mot. for Summ. J. 7, ECF No. 86-1; Defs.' Mem. in Supp. of Mot. for Summ. J.

13

9, ECF No. 87-1.  Plaintiff did not respond to Defendant Fleming or Rogers's motions for summary judgment or otherwise develop the record regarding exhaustion.

Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense is not ordinarily the proper subject for a summary judgment; instead, it "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008).  The Court will treat Defendant's argument here as a motion to dismiss.

> i.    *Exhaustion Standard*

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted).   The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]").  Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings.  *Id.* at 1376.

14

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

ii.     *GDOC Grievance Procedure*

Defendants Fleming and Rogers each provided the Georgia Department of Corrections ("GDOC") inmate grievance policy and procedure which applies to Washington State Prison. Fleming Aff. Ex. B-1 at 15, ECF No. 86-3; Defs.' Mem. in Supp. of Mot. for Summ. J. Attachment B-1, ECF No. 87-3. Upon entering the GDOC, each inmate receives a copy of the Orientation Handbook and oral instructions regarding the grievance procedure. *Id.* The grievance procedure has two steps. *Id.* at 18. Step One requires the inmate to fill out a grievance form and give it to a counselor within ten calendar days of the incident giving rise to the grievance. *Id.* The counselor must then forward the grievance form to the grievance coordinator. *Id.* The grievance coordinator then screens the grievance to determine whether to accept it or recommend that the Warden reject it. *Id.* If the Warden rejects the grievance, a counselor must give a copy of the decision to the inmate and have the inmate sign an acknowledgement of receipt. *Id.*

at 19.  The inmate may appeal a Warden's rejection to the Central Office.  *Id.*   If the Warden accepts a grievance *or* if the Central Office accepts a rejected grievance, it is sent to the grievance coordinator to be processed.  *Id.* Processed grievances are investigated and a report is prepared.  *Id.* at 20.  The grievance coordinator reviews the report and makes a recommendation to the Warden.  *Id.* The Warden then issues a decision, which must be given to the inmate and signed.  *Id.*  At Step Two of the grievance process, the inmate may appeal the Warden's decision to the Central Office.  *Id.* at 21.

    *iii.*  *Defendant Fleming*

   Defendant Fleming moves for summary judgment for lack of exhaustion asserting that Washington State Prison has a grievance procedure which applies to all inmates but Plaintiff failed to properly utilize this procedure.  Defs.' Mem. in Supp. of Mot. for Summ. J. 8, ECF No. 86-1.  Plaintiff, having had the opportunity to develop the record on exhaustion, failed to respond to Defendant's motion for summary judgment and does not contest the factual allegations contained therein.  Since the parties' versions of the facts do not conflict, the Court analyzes this case at the first step of the exhaustion analysis. *Turner*, 541 F.3d at 1082.

    Plaintiff filed only two grievances at WSP describing health problems prior to filing this lawsuit.  Grievance No. 117129, complaining of recurring problems with his left ear, was filed on June 26, 2014.  Def.'s Statement of Undisputed Material Facts ("SUMF") ¶ 64, ECF 86-2.  Grievance No. 178147, complaining of a swollen and painful jaw, was filed on July 22, 2014.  SUMF ¶ 68-69.  Plaintiff made no mention of any issue relating to his nose in either grievance.  ¶¶ 64, 70-71.

16

Exhaustion requires that the grievance "provide[] the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toennings v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015). Plaintiff's grievances do not provide WSP with notice regarding Plaintiff's bleeding nose mole; further, they do not provide WSP with notice of any alleged conduct of Defendant Fleming in relation to Plaintiff's nose. Plaintiff has consequently failed to exhaust. It is thus recommended that Defendant Fleming's motion for summary judgment be granted for failure to exhaust.

### iv.   *Defendant Rogers*

Defendant Rogers also moves for summary judgment for lack of exhaustion asserting that Washington State Prison has a grievance procedure which applies to all inmates but Plaintiff failed to properly utilize this procedure. Defs.' Mem. in Supp. of Mot. for Summ. J. 9, ECF No. 87-1. Plaintiff failed to respond to Defendant's motion for summary judgment and does not contest the factual allegations contained therein. Since the parties' versions of the facts do not conflict, the Court analyzes this case at the first step of the exhaustion analysis. *Turner*, 541 F.3d at 1082.

Prior to filing his lawsuit and Amended Complaint, Plaintiff did not file a grievance at WSP concerning a hernia or a bleeding nose mole. Def.'s SUMF ¶ 176-187, ECF No. 87-2. Plaintiff did not file a grievance regarding his Lactulose, Colace, or "HS snack" medications. *Id.* Plaintiff's grievance regarding his "Herb Lax" supplement (medication)–Grievance No. 191285—listed only Warden Barrow as preventing his receipt of the "Herb Lax." SUMF, ¶ 185. Plaintiff, in fact, acknowledged in that

grievance that "Dr. Rogers . . . [has] approved the use of the bowel regulator [Herb Lax]." SUMF, ¶ 186. Plaintiff did not file a grievance stating that that Dr. Rogers delayed or denied any type of medical care or medication in retaliation for Plaintiff's filing of grievances, complaints, or a lawsuit. SUMF, ¶ 177-187. Plaintiff did not grieve any allegation of retaliation by Dr. Rogers before the filing of his Complaint or Amended Complaint. *Id.*

Plaintiff's grievances do not provide WSP with notice regarding his allegations against Defendant Rogers. Plaintiff has consequently failed to exhaust. It is thus recommended that Defendant Rogers's motion for summary judgment be granted for failure to exhaust.

## CONCLUSION

Plaintiff's motion for default (ECF No. 71) and motion to compel (ECF No. 75) are denied. For the reasons explained above, it is recommended that Plaintiff's motion to stop movement (ECF No. 74) be denied, and Defendants McClarin, Ayers, Fleming, and Rogers's motions for summary judgment be granted (ECF Nos. 77, 85, 86, 87). Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a

report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 27th day of January, 2017.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE