**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JAMES JACKSON CARSWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:14-cv-437 (MTT)** |
| | ) | |
| **Doctor MICHAEL ROGERS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

The remaining Defendants in this case—McClarin, Ayers, Fleming, and Rogers—have filed motions for summary judgment.  Docs. 77 (McClarin); 85 (Ayers); 86 (Fleming); 87 (Rogers).  United States Magistrate Judge Stephen Hyles recommends granting the motions.  Doc. 98 at 18.  The Magistrate Judge also recommends that the Court deny Carswell's Motion to Stop Movement (Doc. 75).  *Id.*  Carswell objects to all of these recommendations.  Doc. 101.  The Court has considered Carswell's objections and has made a de novo review of the Magistrate Judge's conclusions.  The Court **ADOPTS** the Recommendation (Doc. 98) **as modified**.

## I.  CARSWELL'S OBJECTIONS

### A.      McClarin's Motion for Summary Judgment

Carswell has two claims remaining against Defendant McClarin: a First Amendment retaliation claim and an Eighth Amendment deliberate indifference claim.  Doc. 19 at 9 (order adopting Doc. 8 at 3-4 (recommendation setting out Carswell's claims)); Doc. 62 (order denying McClarin's motion to dismiss); *see also* Doc. 77-2 at 1-2 (McClarin's list of these claims).  McClarin asserts that he is entitled to summary judgment because Carswell's claims are barred

by the statute of limitations and his claims are without merit.  Doc. 77-2 at 3, 10, 17.  The

Magistrate Judge agreed with McClarin's statute of limitations argument.  Doc. 98 at 8-9.[1]

Carswell objects, arguing that "the claims are not time barred since the continuing tort

doctrine applies . . . ."  Doc. 101 at 2.  But, as the Magistrate Judge noted in the

Recommendation, Carswell's claims cannot be saved by the continuing tort doctrine.

> The undisputed facts are as follows. Defendant McClarin first
> examined Plaintiff remotely—via telemed—for a bleeding nose
> mole on March 28, 2011.  Defendant McClarin diagnosed
> Plaintiff's bleeding mole as basal cell carcinoma, and requested
> that Plaintiff be sent to Ware State Prison for cryosurgery
> treatment.   Defendant McClarin last saw Plaintiff on January 25,
> 2012.  At that visit, Defendant McClarin told Plaintiff that
> cryosurgery treatment was not working, and Plaintiff would need a
> surgical resection.  Plaintiff's mole inflicted with basal cell
> carcinoma was resected (removed) by another doctor—Dr.
> Ritter—on April 11, 2012.  Plaintiff filed this action on December
> 10, 2014.  This Court need not determine whether the continuing
> tort doctrine applies.  Even assuming the continuing tort doctrine
> applied, the cause of action would have accrued no later than
> April 11, 2012—the date on which the medical attention requested
> by Plaintiff was performed. Plaintiff's Compliant filed some 2 years
> and 8 months later is thus outside the statute of limitations.

Doc. 98 at 8-9 (record citations omitted).  Carswell has not offered any specific reason why this

is wrong.  "Parties filing objections to a magistrate's report and recommendation must

specifically identify those findings objected to. Frivolous, conclusive, or general objections need

not be considered by the district court."  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir.

1988).

Carswell argues that summary judgment is inappropriate because "the magistrate's

referral to a fully developed record is based on information not provided to plaintiff since he was

not served with numerous filings."  Doc. 101 at 2.  But aside from McClarin's failure to timely

serve his answer, Carswell does not explain what documents he did not receive.[2]  Carswell was

---

[1]    The Magistrate Judge seemed to overlook Carswell's First Amendment claim.  Doc. 98 at 7.  But
Carswell's First and Eighth Amendment claims arise out of the same set of facts; accordingly McClarin's
statute of limitations argument applies with equal force to both claims.  *See* Doc. 77-2 at 3-6.

[2]    It appears that McClarin did not timely serve his answer.  *See* Doc. 98 at 3-4.  Carswell moved for a
default judgment (Doc. 71), which the Magistrate Judge denied.  *Id.*  Carswell objects to the Magistrate
Judge's ruling.  Doc. 101 at 1.  A ruling denying a motion for default is an order on a nondispositive

not prejudiced by McClarin's failure to timely serve his answer.  The Magistrate Judge's Recommendation and the Court's ruling here rely on McClarin's motion for summary judgment and its supporting factual material, not McClarin's answer.  *See* Fed. R. Civ. P. 56(c), (e); *see also* Doc. 90 (notice explaining summary judgment standard to pro se litigant).  There is no dispute that Carswell was timely served with McClarin's motion for summary judgment; indeed, Carswell responded.  *See* Docs. 77 at 8 (It is "further certified that a copy of the foregoing document has been served by first-class mail upon the following non-CM/EFP participant: James Jackson Carswell . . . ."); 96 (Carswell's response).  Further, Carswell was alerted that McClarin had filed an answer a month before McClarin filed his motion for summary judgment.  *See* Docs. 73; 77.  Accordingly, Carswell's objections are without merit.

Having conducted a de novo review, the Court agrees with the Magistrate Judge; the statute of limitations clearly bars both of Carswell's claims against McClarin.[3]

---

pretrial matter, which is subject to reconsideration only where shown to be "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Though it appears that McClarin did fail to timely serve Carswell with his answer, his answer was timely filed with the Court (Doc. 21) and no entry of default was entered against him by the Clerk.  The Magistrate Judge's ruling was accordingly not clearly erroneous or contrary to the law.  *Cf.* Fed. R. Civ. P. 55; *Auto-Owners Ins. Co. v. Broadsouth Commc'ns, Inc.*, No. CV 16-0613-WS-B, 2017 WL 1025186, at *2 (S.D. Ala.) ("The trouble, however, is that [the plaintiff] is not requesting a Rule 55(a) Clerk's Entry of Default; rather, it has moved for default judgment pursuant to Rule 55(b). These are separate steps which a plaintiff may neither skip nor merge into one." (citing cases)).

[3]     In the alternative, McClarin is also entitled to summary judgment on the merits of Carswell's claims.  McClarin has demonstrated uncontroverted evidence that he acted reasonably, not with deliberate indifference to a serious medical need and not in retaliation for Carswell filing any grievance or complaint.  *See* Doc. 77-2 at 13-19.

Carswell's purported "Statement of Disputed Material Facts" (Doc. 96-1) did not "respond[] to the numbered paragraphs of [McClarin's] statement [of material facts, with] . . . reference to that part of the record that supports" his contrary assertions, as the Court instructed him.  *See* Doc. 90 at 1.  Though Carswell offers an affidavit summarily contradicting McClarin's factual allegations as to the standard of care, the affidavit is clearly not "made on personal knowledge, [does not] set out facts that would be admissible in evidence, and [does not] show that [Carswell] is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002) ("[A]n affidavit stating only that the affiant 'believes' a certain fact exists is insufficient to defeat summary judgment . . . .").  Accordingly, Carswell did not "respond . . . with affidavits or documentary evidence contradicting the material facts asserted in [McClarin's] motion for summary judgment."  *Cf.* Fed. R. Civ. P. 56(c)(4).  Though Carswell's affidavit mentions his need for additional discovery, his request does not meet the requirements of Federal Rule of Civil Procedure 56(d).  *See infra* note 13 and accompanying text.

**B.     Ayers's Motion for Summary Judgment**

Carswell has First and Eighth Amendment claims remaining against Defendant Ayers. *See* Doc. 62 at 10 (clarifying Carswell's remaining claims against Ayers are "Eighth Amendment claims for inadequate treatment of the cancer on Carswell's ear, the denial of medication, and the denial of hernia surgery; and for . . . First Amendment retaliation claims for discontinuing medications, denying hernia surgery, and refusing to approve reconstruction surgery for Carswell's ear."); *see also* Doc. 85-1 at 1-2 (Ayers's list of these claims).   Ayers asserts that he is entitled to summary judgment because: (1) Carswell has failed to exhaust his administrative remedies as to all claims (except his Eighth Amendment claim for denial of hernia medication); (2) Carswell's claim for inadequate treatment of the cancer on his ear is barred by the statute of limitations; and (3) Carswell's First and Eighth Amendment claims are without merit; and (4) he is entitled to qualified immunity.   Doc. 85-1 at 9, 12, 18, 20, 21.

**1.     Eighth Amendment Inadequate Ear-Treatment Claim**

The Magistrate Judge concluded that Carswell's inadequate ear-treatment claim is barred by the statute of limitations.   Doc. 98 at 9-10.   Carswell objects, stating "that the continuing tort doctrine applies as to this defendant . . . ."   Doc. 101 at 2.   But Carswell's inadequate ear-treatment claim against Ayers, just as his related claim against McClarin, is not preserved by the continuing tort doctrine.   The Magistrate Judge explained:

> It is undisputed that Defendant Ayers submitted an urgent consult request on March 7, 2012 on behalf of Plaintiff for surgical excision of Plaintiff's basal cell carcinoma.  Plaintiff's ear mole inflicted with basal cell carcinoma was in fact resected by Dr. Ritter on April 11, 2012.  This Complaint was not filed until December 10, 2014—well past the two-year limitations period.

Doc. 98 at 10 (record citations omitted).   As the Magistrate Judge noted in relation to McClarin, "[e]ven assuming the continuing tort doctrine applied, the cause of action would have accrued no later than April 11, 2012—the date on which the medical attention requested by Plaintiff was performed."   *Id.* at 9.   Carswell has not offered any specific reason why this wrong, and his objection is accordingly a general objection that the Court need not consider.   *Cf. Marsden*, 847

F.2d at 1548.[4]  Nevertheless, in an abundance of caution, the Court has conducted a de novo

review and agrees with the Magistrate Judge; the statute of limitations clearly bars Carswell's

inadequate ear-treatment claim.[5]

      2.    **Eighth Amendment Discontinuation-of-Medication and Hernia-Treatment Claims, and First Amendment Retaliation Claims**

      The Magistrate Judge concluded that Ayers is entitled to summary judgment on the

merits of Carswell's Eighth Amendment discontinuation-of-medication and hernia-treatment

claims, and Carswell's First Amendment retaliation claims.  Though Carswell offered no specific

objection,[6] *cf. Marsden*, 847 F.2d at 1548, the Court has nevertheless, in an abundance of

caution, reviewed the Magistrate Judge's determination de novo and agrees with his

recommendation.

**C.**    **Fleming's and Rogers's Motions for Summary Judgment**

      The Magistrate Judge determined that Fleming and Rogers were entitled to summary

judgment because Carswell failed to demonstrate exhaustion of his administrative remedies.

Doc. 98 at 16-18.  The Magistrate Judge appears to have made his conclusions at step one of

*Turner*,[7] reasoning that Carswell did not exhaust because the two relevant grievances on file did

---

[4]    Carswell "points out" he filed a response to Ayers's motion that is not on file and "proffers a copy of any responses alleged to not have been submitted."  Doc. 101 at 2.  However, Carswell does clearly oppose summary judgment on this ground.  But even if he had, the argument would fail.  First, Carswell "proffers a copy" of the response, but does not attach it.  If he wanted the response to be considered, he should have attached it to his objection.  Second, Carswell does not offer any proof that he filed such a response, just a bare assertion.  And because Carswell does not always read the assertions ghostwritten on his behalf by his "jailhouse lawyer," Danny Williams, as explained in Section I.C., the Court puts little weight on this assertion.  For all the Court knows, Carswell's response to Ayers's motion did not reach the Court because of some error on Danny Williams's part.  Third, if Carswell's response to McClarin's motion for summary judgment is any indication of the flavor of Carswell's response to Ayers's motion, it likely would not help him here.  *See supra* note 3.

[5]    In the alternative, Ayers is also entitled to summary judgment on the merits of Carswell's claims. Ayers has demonstrated uncontroverted evidence that he acted reasonably, not with deliberate indifference to Carswell's ear cancer.  *See* Doc. 85-1 at 14-15.

[6]    The Magistrate Judge's recommendations as to these claims, as all the others, are subject to Carswell's general complaints about discovery.  *See* Doc. 101.  However, Carswell has mentioned no specific discovery that would support his non-ear-treatment claims against Ayers.  Of particular note, his mention in his McClarin affidavit of testimony from Dr. Ritter, *see infra* note 12, is irrelevant; Dr. Ritter only dealt with Carswell's ear cancer.  *See* Doc. 96-2 at 2.

[7]    Under *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008), the Court conducts a two-step analysis in determining whether a prisoner exhausted her administrative remedies.  At step one, the Court must take the plaintiff's version of the facts as true and determine whether the defendant is nonetheless entitled to

not provide adequate notice of these claims against Fleming and Rogers. *Id.* Carswell objects, stating "his responses, and attachments to those responses, make clear that he in fact exhausted the remedies available to him and that he in fact raised the claims in this case in grievances and appealed the denials of the grievances, several of which were disposed of by the defendants instead of being processed." Doc. 101 at 3. He claims that he "has copies of grievance receipts, which he had copies of attached to his responses, that verify he filed grievances and grievance appeals which the defendants contend he did not, directly disputing the claims of non-exhaustion and the filing of only 2 grievances at [Washington State Prison] and proffers such." *Id.*

Carswell's assertions do not preclude dismissal; they simply require the Court to make a factual determination at step two of *Turner*. Carswell's assertion that he "has copies of grievance receipts" demonstrating exhaustion not otherwise in the record is just that—a bare assertion. Carswell claims that he has copies of this evidence; if so, he could have submitted them with his objection. He did not. Short of this, Carswell could have given grievance numbers, dates, and some description of the substance of the grievances. But he did not.

Further, Carswell's assertions in this case have not proven trustworthy.[8] The Defendants have shown that Carswell's pleadings recount events he cannot recall (*see, e.g.*, Doc. 86-1 at 12) and contain entirely unfounded conjecture (*see, e.g.*, Doc. 85-1 at 16). Perhaps this can be attributed to Carswell surrendering the responsibility of drafting his legal documents "[p]rimarily to Danny Williams" a "long distance" "jailhouse lawyer" (Doc. 80-1 at 15-16) and failing to even read and comprehend the documents so prepared.[9] *See, e.g.*, Doc. 80-1 at 25 (complaint), 27 (amended complaint), 42 (prison grievance). His objection itself contains

---

have the complaint dismissed for failure to exhaust administrative remedies. *Id.* at 1082. If the complaint is not subject to dismissal at step one, the Court continues to the second step of the analysis. *Id.* At step two, the Court makes specific factual findings to resolve disputed issues related to exhaustion. *Id.* The defendant bears the burden of proof. *Id.*

[8]   *Cf. supra* note 4.

[9]   Carswell still does not know the full contents of several grievances that Danny Williams handwrote on his behalf. *See, e.g.*, Doc. 80-6 at 11, 80-8 at 42, 44; 80-9 at 8, 9.

incorrect assertions.[10]  The Court does not impute any ill intent on his part, but the truth remains—Carswell's bare assertions are not credible.[11]

The Court has reviewed the relevant grievances from Washington State Prison attached to Fleming's affidavit (Doc. 87-3 at 36-46), and due to Carswell's failure to offer any substantive and credible evidence to the contrary, concludes that Carswell has not exhausted his administrative remedies.  Accordingly, the Court, upon de novo review of the Magistrate Judge's recommendation, dismisses Carswell's claims against Fleming and Rogers without prejudice.[12]

## D.   Discovery-Related Objections & Carswell's Motion to Compel

Throughout his objection, Carswell maintains that summary judgment is inappropriate because he is "awaiting discovery responses."  *See generally* Doc 101.  Furthermore, the Magistrate Judge denied Carswell's Motion to Compel Discovery (Doc. 75), to which Carswell "objects," stating: "The magistrate is aware that plaintiff has been denied proper responses to his discovery requests and that plaintiff is still awaiting discovery responses from several non-party medical witnesses[.]"  *Id.* at 2.  Of course, the Magistrate Judge's ruling on a motion to compel is an order on a nondispositive pretrial matter, which is subject to reconsideration only where shown to be "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The Court reviews this objection in conjunction with his objections based on

---

[10]   In his objection, Carswell states that his "responses to the motions for summary judgment are now assumably [sic] not on file with the court and he did not receive the order and recommendation until the time for filing objections had passed, causing him to have to submit a motion for enlargement of time[.]" Doc. 101 at 3.  But Carswell clearly did "receive the order and recommendation [before] the time for filing objections had passed" under any reasonable method of calculation; On February 9, 2017, thirteen days after the Recommendation was signed (January 27, 2017) and ten days after the Recommendation was mailed (January 30, 2017), Carswell signed a motion acknowledging receipt of the Recommendation and seeking an extension of the objection period.  Doc. 99 at 1.

[11]   Carswell's reference to other grievances may relate to several relevant grievances that Carswell filed after filing this action (*see* Doc. 87-3 at 47-54); of course, these grievances do not help Carswell.  *Cf. Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) ("[W]hen a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit." (emphasis added) (citations omitted)).

[12]   The Magistrate Judge correctly noted that an exhaustion argument brought on a motion for summary judgment should be construed as a motion to dismiss.  Doc. 98 at 14 (quoting *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008)).  Despite this statement, the Magistrate Judge recommends granting Fleming's and Rogers's "motion[s] for summary judgment."  *Id.* at 17, 18.

insufficient discovery. The Court agrees with the Magistrate Judge's classification of Carswell's discovery complaints as "broad, ambiguous[,]" and without factual basis. *See* Doc. 98 at 6.

Furthermore, after a thorough review, the Court is confident that Carswell is not entitled to further discovery. Carswell has certainly not demonstrated particular facts that he expects to discover and how they are relevant to support his claims, which is required by Federal Rule of Civil Procedure 56(d).[13] *See Nawab v. Unifund CCR Partners*, 553 F. App'x 856, 859 (11th Cir. 2013) (applying *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir.1990)); *see also Garner v. City of Ozark*s, 587 F. App'x 515, 518 (11th Cir. 2014) (same).

**E.     Motion to Stop Movement for Address**

Carswell objects to the Magistrate Judge's recommendation denying Carswell's *Motion to Stop Movement from Address* (Doc. 74), which the Magistrate Judge rightly construed as a motion for preliminary injunctive relief. Doc. 98 at 4, 18. The Magistrate Judge reasoned that injunctive relief should be denied because the Court is granting summary judgment against Carswell and Carswell has not demonstrated that the Defendants in this suit have authority to determine his housing placement. *Id.* at 5-6. Carswell objects, arguing "that after turning over his responses to the motions for summary judgment to prison officials for mailing that he was subjected to multiple acts of retaliation by officials, including several defendants in this case. Plaintiff was, for no reason, placed in segregation and subjected to inhumane conditions, then placed in a 3 man cell where he was injured, with knowledge of his 2-man cell profile and susceptibility to injury, then transferred twice." *Id.*

---

[13]   Carswell's affidavit in opposition to McClarin's motion for summary judgment states: "[P]laintiff has to date not received affidavits from Dr. Edmond Ritter and others considered experts to present in opposition to the motion for summary judgment and intends to file such when they are received[.]" Doc. 96-2 at 3. But there is no evidence that McClarin has sought any testimony from Dr. Ritter through any recognized instrument of discovery. And though Carswell knew discovery closed August 5, 2016, he did nothing to obtain discovery from Dr. Ritter, though he certainly knew how to file a motion to compel. *See* Docs. 70 (order extending discovery to August 5, 2016); 75 (Carswell's motion to compel filed August 29, 2016).

In light of Carswell's history of speculation[14] and the Defendants' contradictory affidavits (*see* Doc. 103-1; 103-2), the Court is skeptical that Carswell has any substantive basis for his allegations of retaliatory conduct.  In any event, Carswell is no longer housed in Washington State Prison and no longer under the control of any of the Defendants (Doc. 103-1 ¶¶ 7-8); accordingly he cannot demonstrate irreparable injury.  Accordingly, the Court, having conducted a de novo review, agrees with the Magistrate Judge's recommendation that Carswell's Motion to Stop Movement should be denied.

## II. CONCLUSION

For these reasons, the Court **ADOPTS** the Recommendation **as modified**.  The Court:

- **GRANTS** the motions for summary judgment by McClarin (Doc. 77) and Ayers (Doc. 85);

- **RECONSTRUES** the motions for summary judgment by Fleming (Doc. 86) and Rogers (Doc. 87) as motions to dismiss for failure to exhaust administrative remedies and **GRANTS** the motions as reconstrued: Carswell's claims against Fleming and Rogers are **DISMISSED without prejudice**; and

- **DENIES** Carswell's Motion to Stop Movement (Doc. 74).

**SO ORDERED**, this 23rd day of March, 2017.

s/ Marc. T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT

---

[14]   *See, e.g.*, Doc. 101 at 2 (Carswell speculating that his responses to summary judgment are not on file due to misconduct by the Defendants).